IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA *ex rel.* SHAWNA SNIDER,**<br><br>Plaintiff,<br><br>v.<br><br>**DENNIS SNEDDEN; ROBERT F. STOKES; CORY YOUNG; and TOTAL RESPIRATORY CARE, INC.,**<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:05-cv-708-DAK-PMW<br><br>**District Judge Dale A. Kimball**<br><br>**Magistrate Judge Paul M. Warner** |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are (1) Shawna Snider's ("Plaintiff") motion to compel;[2] and (2) Robert F. Stokes, Cory Young, and Total Respiratory Care, Inc.'s (collectively, "Defendants") motion for a protective order.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

[1] *See* docket no. 44.

[2] *See* docket no. 55.

[3] *See* docket no. 60.

As part of her discovery requests in this case, Plaintiff served certain requests for production of documents on Defendants.[4] Defendants objected to each of those requests for production on the bases that the requests were overly broad and sought protected health information ("PHI") under the Health Insurance Portability and Accountability Act ("HIPAA"). To address Defendants' HIPAA argument, Plaintiff offered to enter into a HIPAA-qualified protective order with Defendants as a way of ensuring that any disclosure of PHI by Defendants would be in compliance with HIPAA. It appears that Defendants refused that offer and stood by their objections to the requests for production. Counsel for the parties have indicated that they attempted to resolve the instant discovery dispute but were unable to do so. Consequently, Plaintiff filed her motion to compel, and Defendants filed their motion for a protective order.

Plaintiff argues that the document requests at issue are not overly broad. Plaintiff further argues that the requests seek information that is relevant to the parties' claims and defenses and, therefore, is discoverable. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Plaintiff also asserts that Defendants' objections under HIPAA are not valid because the HIPAA-qualified protective order that Plaintiff has proposed addresses any issues related to Defendants' disclosure of PHI. *See* 45 C.F.R. § 164.512(e). Accordingly, Plaintiff requests that the court enter her proposed HIPAA-qualified

---

[4] The specific requests for production at issue are identified in Plaintiff's amended memorandum in support of her motion to compel. *See* docket no. 58 at 2-3.

protective order.[5]  Finally, Plaintiff requests an award of reasonable expenses, including attorney fees, incurred in bringing her motion to compel.  See Fed. R. Civ. P. 37(a)(5).

With respect to Plaintiff's first argument, Defendants do not specifically dispute that the requests for production at issue seek information that is relevant to the parties' claims or defenses.  Further, and despite the content of their objections to the requests, Defendants do not present any arguments in support of their claim that the requests are overly broad.  Instead, Defendants argue that producing documents in response to those requests would impose an annoyance and an undue burden and expense.  See Fed. R. Civ. P. 26(c)(1) (providing that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").  Defendants also argue that if the court does order Defendants to respond to the discovery requests, the court should limit the scope of the requests "to patients [Plaintiff] can identify as allegedly having their Medicare co-pay impermissibly waived" and order that Plaintiff pay all costs incurred by Defendants in responding to the requests.[6]

In response to Plaintiff's second argument, Defendants concede that a HIPAA-qualified protective order must be in place before any disclosure of PHI in this case.  However, Defendants urge the court to enter their own proposed protective order,[7] which incorporates their proposed limit on the scope of the discovery requests, as discussed above.

---

[5] See docket no. 58, Exhibit D.

[6] Docket no. 63 at 6.

[7] See docket no. 63, Exhibit 2.

The court agrees with Plaintiff's arguments and has determined that Defendants' arguments are without merit. With respect to the first issue, the court is satisfied that the information sought by the discovery requests at issue is indeed relevant to the parties' claims or defenses and, therefore, is discoverable. *See* Fed. R. Civ. P. 26(b)(1). In addition, Defendants have failed to persuade the court that responding to those discovery requests imposes either an annoyance or an undue burden and expense. While responding to those requests may create some cost and inconvenience for Defendants, such costs and inconveniences are common as part of civil litigation.

Defendants have likewise failed to persuade the court that their proposed limitation on the discovery requests is appropriate. In the court's view, Defendants are seeking to impose a unilateral limit on those requests because they believe that "[b]ased on the deposition testimony gathered in this case to date, it is apparent [Plaintiff] has no information upon which to base her claim[s]."[8] While Defendants may indeed believe that to be the case, such an assertion is not an valid basis for limiting discovery. Moreover, arguments with respect to the validity of Plaintiff's claims should be addressed by the district judge by way of an appropriate dispositive motion, not by way of a motion related to discovery.

The court has rejected both Defendants' proposed limitation on the discovery requests at issue and their argument that the production in response to those requests will impose an undue

---

[8] Docket no. 61 at 8.

burden and expense. For the same reasons it rejected those arguments, the court also rejects Defendants' request that Plaintiff be required to pay for the costs related to that production.

Turning to the second issue, both parties agree that entry of a HIPAA-qualified protective order is a necessary prerequisite to any disclosure of PHI. However, as noted above, Defendants' proposed protective order includes their proposed limitation on the discovery requests at issue. Because the court has rejected that proposed limitation, it follows that the court will not enter Defendants' proposed protective order. Further, the court has reviewed Plaintiff's proposed protective order and determined that it is appropriate and consistent with the court's rulings contained in this order. Accordingly, the court will enter Plaintiff's proposed HIPAA-qualified protective order after entry of this order.

Turning to the final issue, Plaintiff has requested an award of reasonable expenses, including attorney fees, incurred in bringing her motion to compel. *See* Fed. R. Civ. P. 37(a)(5). The court has determined that such an award is not appropriate under the circumstances.

Based on the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff's motion to compel[9] is **GRANTED**. Defendants shall produce all documents responsive to the discovery requests at issue within thirty (30) days of the date of this order. *See* Fed. R. Civ. P. 34(b)(2)(A).

---

[9] *See* docket no. 55.

2. Plaintiff's request for entry of her proposed HIPAA-qualified protective order is **GRANTED**. The court will enter that protective order after entry of this order, and that protective order will govern any disclosure of PHI in this case.

3. Plaintiff's request for an award of reasonable expenses incurred in bringing her motion to compel is **DENIED**.

4. Defendants' motion for a protective order[10] is **DENIED**.

**IT IS SO ORDERED**.

DATED this 16th day of September, 2009.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[10] *See* docket no. 60.